John H. PARISH and Nina D. Parish,
etc., Plaintiffs,

v.

BOETEL & CO., a Nebraska corpora-
tion, et al., Defendants.

Civ. No. 72-0-480.

United States District Court,
D. Nebraska.

Aug. 16, 1973.

Gregory DuBois Erwin, Omaha, Neb.,
for plaintiffs.

James F. Kasher, Omaha, Neb., for
defendants.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court
for a determination as to whether this
action may be maintained as a class ac-
tion. Fed.R.Civ.P. 23(c). In their com-
plaint, the plaintiffs allege that they
are the purchasers of interests in real
property from the defendants. It is al-
leged that Boetel is a registered securi-
ties broker-dealer engaged in the organi-
zation and sale of limited partnership
investments in real estate. It is the
plaintiffs' contention that such sales
were in violation of both Nebraska and
federal securities laws. Plaintiff seeks
to maintain this action as a class action,
and to thereby represent not only the
investors in the partnerships in which
they have an interest, but also all of the
investors in some sixteen limited part-
nerships promoted by Boetel.

■ The procedural consequences of
the maintenance of a class action are
time consuming, complex, and of a seri-
ous nature. Accordingly, "[t]he burden
is on the party, who seeks to utilize the
class action, to establish his right to do
so." 3B Moore's Fed. Prac. ¶ 23.02-2, p.
23-156 [2d Ed. 1969].

■ In an exhaustive brief, the plain-
tiffs have met their burden of proof in
establishing that the "Prerequisites to a
Class Action", Fed.R.Civ.P. 23(a), are
present in the instant case. The claims
asserted by the plaintiffs concern ques-
tions of both law and fact that are com-
mon to the claims of some 900 investors
in limited partnership investment units
in sixteen limited partnerships. It is
the Court's conclusion that joinder is

impracticable and that the representative parties will fairly and adequately protect the interests of the class composed of such 900 investors. However, the Court's finding as to the adequacy of representation is conditional. Fed.R.Civ.P. 23(c)(1).

Having concluded that the prerequisites to the maintenance of a class action are met, the Court will now turn to the question of whether this action may be maintained under the provisions of Fed.R.Civ.P. 23(b).

Under the circumstances of this case, as alleged in the complaint, it is entirely possible that the defendants, in separate actions, could be subjected to conflicting and incompatible adjudications. For example, the defendant, Boetel & Co. could be placed in the position of offering rescission in one action, paying damages in another, and being temporarily enjoined from doing either in a third action. Under such circumstances, the rights of other members of the class who were not parties to the litigation could be substantially impaired or impeded. The Court therefore concludes that this action is maintainable under the provisions of Fed.R.Civ.P. 23(b)(1). Furthermore, the class is composed of all the investors in all of the subject limited partnerships.

Such determination is conditional, subject to being altered or amended subsequently by the Court. At this time, the Court is concerned with the adequacy of representation as to those partnerships in which the formal parties plaintiff do not have an interest; the size of the class may, therefore, be limited eventually to investors in the partnerships in which the formal plaintiffs have an interest.

It is therefore ordered that this action be maintained as a class action under the provisions of Fed.R.Civ.P. 23(b)(1).

It is further ordered that the parties submit to the Court a proposed notice to be used for the purpose of notifying the members of the class of both the pendency of this action and of the terms of the settlement agreement within thirty (30) days from the date hereof.